IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE WILLIAMS,

        Plaintiff,                    No. 2: 12-cv-3066 MCE KJN P

    vs.

J. MURILLO, et al.,

        Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding without counsel, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed in forma pauperis. See 28 U.S.C. § 1915(a). For the following reasons, the undersigned recommends that plaintiff's application to proceed in forma pauperis be denied and plaintiff be ordered to pay the filing fee.

        A prisoner may not proceed in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

        On at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may

1

be granted. See Williams v. Andrews, 1: 01-cv-6222 REC HGB P (E.D. Cal. Feb. 22, 2002) (order dismissing action for failure to state a claim); Williams v. Wood, 1: 01-cv-6151 REC LJO P (E.D. Cal. Feb. 28, 2002) (order dismissing action with prejudice for failure to state a claim); Williams v. Rendon, 1: 01-cv-5891 AWI SMS P (E.D. Cal. Mar. 18, 2002) (order dismissing action for failure to state a claim). See also Williams v. Gonzales, 1: 03-cv-6770 REC WMW P (E.D. Cal. Sept. 10, 2004) (order designating plaintiff as a three strikes litigant under 28 U.S.C. § 1915(g)).

In the complaint, filed December 20, 2012, plaintiff[1] suggests that she meets the imminent danger exception contained in 28 U.S.C. § 1915(g). Plaintiff alleges that defendants are attempting to murder her by poisoning her with arsenic, nitrite and bacteria, which have been found in her urine. Plaintiff alleges that the poisoning occurred as late as December 2012. Attached to the complaint is a copy of the results of a urine test collected from plaintiff on August 24, 2012. (Dkt. 1 at 8-9.) The results indicate that plaintiff tested positive for nitrite. (Id.) The results also state that a "few" bacteria were seen. (Id.)

In the complaint filed on August 17, 2012 in Williams v. Bauer, 2: 12-cv-2158 MCE EFB P, plaintiff also alleged that she was in imminent danger because the defendants named in that action were poisoning her food. On December 6, 2012, Magistrate Judge Brennan found that section 1915(g)'s imminent danger exception did not apply because plaintiff's allegations were not plausible. See 2: 12-cv-2158 MCE EFB P, Dkt. No. 12 at 2. See Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. Cal. 2007) (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing). Magistrate Judge Brennan recommended that plaintiff's application to proceed in forma pauperis be denied. See 2: 12-cv2158 MCE EFB P, Dkt. No. 12. On January 30, 2013, the Honorable Morrison C. England adopted these findings

---

[1] The court refers to plaintiff in the feminine because plaintiff identifies herself as a female.

1   and recommendations. (Id., Dkt. No. 14.)

2           In his December 6, 2012 findings and recommendations, Magistrate Judge

3   Brennan also observed that plaintiff had been informed on several prior occasions that her

4   allegations regarding poisoning were not plausible:

> Moreover, the "court has the inherent ability to restrict a litigant's ability to commence abusive litigation in forma pauperis." Visser v. Supreme Court of California, 919 F.2d 113, 114 (9th Cir. 1990) (citing In re McDonald, 489 U.S. 180 (1989)). The court has informed plaintiff, on numerous prior occasions, that her allegations about being poisoned are not plausible. See Williams v. Norton, 2: 12-cv-2889 CKD (E.D. Cal. Dec. 4, 2012) (finding plaintiff's allegations of being poisoned implausible and denying application to proceed in forma pauperis); Williams v. CDCR, 2: 12-cv-1616 JAM EFB P (E.D. Cal. Aug. 1, 2012) (finding implausible plaintiff's allegations of being poisoned, and recommending that plaintiff's in forma pauperis status be denied), adopted (E.D. Cal. Oct. 29, 2012); Williams v. Willie, 2: 11-cv-1532 MCE DAD P (E.D. Cal. March 16, 2012) (finding implausible plaintiff's allegations of being poisoned, noting that she had been making such claims since 2006, and determining that the imminent danger exception of section 1915(g) did not apply), adopted (E.D. Cal. Apr. 23, 2012); Williams v. Gomez, 2: 11-cv-0426 GEB EFB P (E.D. Cal. Dec. 21, 2011) (finding implausible plaintiff's allegations of being poisoned and denied HIV medication, and recommending that plaintiff's in forma pauperis status be revoked), adopted (E.D. Cal. Feb. 6, 2012). Nevertheless, plaintiff continues to initiate lawsuits in forma pauperis, on the grounds that the imminent danger exception applies based on her allegations of being poisoned on a daily basis and/or being denied her HIV medication. See, e.g., Williams v. Bal, 2: 12-cv-1005 LKK EFB P (E.D. Cal.) (April 17, 2012 complaint alleging imminent danger of injury or death because she was denied HIV medication and prison officials were poisoning her food); Williams v. Wedell, 2: 12-cv-1438 GEB GGH P (E.D. Cal.) (May 29, 2012 complaint alleging denial of HIV medication and imminent danger because of poisoning); Williams v. Nappi, 2: 12-cv-1604 GEB CMK P (E.D. Cal.) (June 14, 2012 complaining alleging imminent danger because of daily poisoning); Williams v. CDCR, 2: 12-cv-1616 JAM EFB P (E.D. Cal.) (June 15, 2012 complaint alleging the same). Given these filings, the court finds that plaintiff's application for leave to proceed in forma pauperis should be denied because plaintiff has "engaged in a pattern of litigation which is manifestly abusive." Visser, 919 F.2d at 114.

22   Williams v. Bauer, 2: 12-cv-2158 MCE EFB P, Dkt. No. 12 at 2-3.

23           In Williams v. Wedell, 2: 12-cv-1438 GEB GGH P, Magistrate Judge Hollows

24   observed that,

> As for the alleged poisoning, U.S. Magistrate Judge John F. Moulds recognized in one of plaintiff's many cases filed with this court, that he has been alleging arsenic poisoning since 2006 and the plausibility of his claims in this regard are

3

       belied by the fact that plaintiff remains alive today despite alleged arsenic poisoning for more than five years by dozens of prison officials.  <u>See</u> <u>Williams v. Murray</u>, 11-cv-0069 MCE JFM P (E.D. Cal.), Order filed June 10, 2011 (Doc. No. 9), at 3 (denying plaintiff's motion for reconsideration of an order finding that § 1915(g) barred plaintiff from proceeding in forma pauperis and citing several other of plaintiff's actions that allege poisoning).

2: 12-cv-1438 GEB GGH P, Dkt. No. 12 at 3.

       The urine test results attached to the complaint do not indicate that plaintiff's urine contained arsenic.  While the results indicate that plaintiff's urine contained nitrites and bacteria, urine tests commonly test for these substances.[2]  A urine test indicating the presence of nitrites and bacteria does not demonstrate that plaintiff is being poisoned by prison officials.

       For the reasons discussed above, the undersigned finds that plaintiff has not met the imminent danger exception to 28 U.S.C. § 1915(g).  Plaintiff's application to proceed in forma pauperis should be denied.  However, plaintiff will be granted an opportunity to pay the filing fee.

       Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's application to proceed in forma pauperis (Dkt. No. 8) be denied; plaintiff shall pay the filing fee in full within 28 days if these findings and recommendations are adopted.  Failure to pay the filing fee will result in a recommendation that this case be dismissed.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

---

[2] <u>See</u> http://www.mayoclinic.com/health/urinalysis/MY00488/DSECTION=results; http://emdose.org/2011/11/29/urine-dip-leukocyte-esterase-and-nitrites.

4

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 13, 2013

                                         _____
                                         KENDALL J. NEWMAN
                                         UNITED STATES MAGISTRATE JUDGE

will3066.56